## Kalmbach Estate

*Harry Fischer* and *Fischer & Fischer*, for accountant and claimants.

*Alphonsus R. Romeika,* for claimants.

*Alfred D. Whitman,* for Commonwealth.

LEFEVER, J., February 28, 1962. — Under date of February 13, 1943, testatrix, Mabel M. Kalmbach, executed a last will and testament, and it was duly witnessed.

Shortly before March 1, 1959, testatrix drew lines through certain portions of this document, and she and her niece, Sara Staub, inserted other names in handwriting. Thereupon this document was sent to testatrix' counsel, Harry Fischer, Esq., with the request that he draw a new will, incorporating the changes which had been inserted in the original will, dated February 13, 1943. Mr. Fischer drew the new will and sent it to testatrix with instructions respecting the execution of it. He then punched holes through the original will, dated February 13, 1943, in an effort to cancel it, and placed it in his office file.

The new will was returned to Mr. Fischer, apparently duly executed under date of March 5, 1959. Accompanying it were handwritten instructions to deliver the new will to Sara Staub. Mr. Fischer complied with these instructions.

Testatrix died on July 7, 1960, unmarried and without issue. Thereafter, it developed that the will, dated March 5, 1959, had not been signed by testatrix but

by someone who was unidentified. Hence, this will was invalid.

In this situation, Mr. Fischer took from his file the original will, dated February 13, 1943, containing the handwritten deletions and interlineations and the holes he had punched through it. He lodged this document for probate with the register. Under date of July 27, 1960, the register admitted this document to probate "In accordance with Copy Fair attached marked 'Exhibit A' ". Letters testamentary thereon were granted to Milton M. Staub on the same date.

As stated above, the typewritten will submitted to the register contained various handwritten alterations and interlineations. Thus, Item 2 of the will (which provided for the sale of the premises 3325 North Hope Street, Philadelphia) had a clause at the end thereof reading "out of the proceeds thereof I direct my said executor to pay to my nephew, Albert W. Kalmbach, the sum of Five Hundred ($500.00) Dollars in cash", but lines had been drawn through this clause. Item 3 contained names written in longhand at the righthand side of the typewritten names, as follows:

"Albert Kalmbach
"John Kalmbach
"Milton        "
"Kathryn      "
"Gertrude K. Morton
"Marion Fitzpatrick."

It also contained the typewritten name "Millicent Kalmbach" through which a line was drawn. The register deleted all of these in "Copy Fair".

In Item 3, a line had been drawn through the "Elmer" of "Elmer Kalmbach", and to the lefthand side there appeared in handwriting the name "Arlene". The "Copy Fair" shows this legatee as "        Kalmbach". Finally, in Item 3, a middle initial in the typewritten name, "Elizabeth Anderson", was crossed out

and in place thereof appeared in handwriting the initial "K". The "Copy Fair" includes this legatee as "Elizabeth Anderson".

In summary, the dispositive provisions of testatrix' will, in accordance with "Copy Fair", provided: a direction to her executor to pay her just debts and funeral expenses (Item 1) ; a direction to him to sell premises 3325 North Hope Street, Philadelphia, at such price as in his judgment may seem proper, either at public or private sale (Item 2) ; and, finally,

"3. All of the rest, residue and remainder of my estate, real, personal or mixed, wheresoever and whatsoever the same may be at the time of my decease I give, devise and bequeath unto my following relatives:

"Sara Staub

"Mary Cain

"——— Kalmbach

"Frank Kalmbach

"Wilbur Kalmbach

"Elizabeth Anderson

share and share alike."

Whether alterations form part of a will is a question of probate rather than of construction or distribution: Rockett Will, 348 Pa. 445; Maguire Estate, 25 D. & C. 2d 660. No appeal from the probate of "Copy Fair" of the will has been taken in the instant case. Therefore, the probate is conclusive. Consequently, it is the duty of this court to construe "Copy Fair", not the will in the form offered for probate, with its interlineations, deletions and additions.

The only question submitted at the audit for determination by the auditing judge is the identity of the residuary legatee, "——— Kalmbach," in the third clause of "Copy Fair" of the will. Accountant took the position that "Arlene Kalmbach is substituted for Elmer Kalmbach to take the share originally allo-

cated to Elmer Kalmbach by the will. This will have the effect of dividing the residue among six legatees instead of five." Accountant duly notified all interested parties of his position pursuant to Rule ★63.1 of this court.

This appears to be a case of first instance.

It is clear that if there had been a complete blank in "Copy Fair" no evidence would have been admissible to identify the legatee. On the other hand, it is equally clear that evidence is admissible to prove the identity of a residuary legatee where there is a patent ambiguity. Does this doctrine apply in the instant case where the "Copy Fair" shows only the last name, viz. "——— Kalmbach" (but alterations and interlineations were made in the original will)?

Not without misgiving, the auditing judge admitted parol evidence which developed the following facts: that Arlene Kalmbach was the wife of Elmer Kalmbach; that she called testatrix "Aunt Mabel"; that she frequently visited testatrix and corresponded with her, giving her news of the whole family; that her husband, Elmer, had lived as a foster son in the home of the testatrix after the death of his parents; that testatrix told Sara Staub at the time she made the interlineations in the will of February 13, 1943, she intended Arlene Kalmbach to receive a share of the residue.

Sara Staub and Elmer Kalmbach in open court stated that they agreed with the accountant that "——— Kalmbach" be construed to mean Arlene Kalmbach.

The court is strongly moved by the facts; that the evidence indicates testatrix intended Arlene Kalmbach to be one of the residuary legatees; that the accountant has given notice to all interested parties in accordance with Rule ★63.1 of this court; that in

this notice accountant took the position that Arlene Kalmbach was the person intended by testatrix by the designation "——— Kalmbach"; and that no one appeared at the audit in person or by counsel to oppose this position. The primary purpose of this court in adopting Rule ★63.1 was to resolve difficult questions, such as the instant one, within a family. This is in conformity with the well established policy of this court to foster and approve family settlements. Accordingly, the auditing judge finds that Arlene Kalmbach is the person indicated by testatrix as the residuary legatee in her designation "——— Kalmbach".

To make absolutely certain that the rights of all parties are fully preserved, accountant is directed to send a copy of this adjudication to each of the interested parties in this estate. Absolute confirmation of this adjudication is withheld until 30 days after the accountant files with the auditing judge proof of service in person or by certified mail of a copy of this adjudication upon all parties in interest. . . .

And now, February 28, 1962, the account is confirmed nisi.